# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 24-1458V**

SUSAN KANE, as administrator of the ESTATE OF ROBERT KANE,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

Chief Special Master Corcoran

Filed: July 28, 2026

*Christopher Williams, Siri & Glimstad, LLP, New York, NY, for Petitioner.*

*Catherine Elizabeth Stolar, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On September 18, 2024, Susan Kane, as the administrator of the estate of Robert Kane ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that her late husband, Robert Kane ("Mr. Kane"), developed Guillain-Barré Syndrome ("GBS") and subsequently died, as a result of his receipt of an influenza ("flu") vaccine on October 4, 2022. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 9, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation. On July 28, 2026, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded the following:

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

a. A lump sum payment of $76,278.87 for unreimbursable expenses,

b. A lump sum payment of $250,000.00, which represents compensation for the statutory benefit for a vaccine-related death, and

c. A lump sum payment of $250,000.00, which represents compensation for past pain and suffering.

Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner the following:**

**A lump sum payment of $576,278.87, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner, Susan Kane, as Administrator of the Estate of Robert Kane.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| SUSAN KANE as Administrator of the Estate of, ROBERT KANE,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 24-1458V<br>Chief Special Master Corcoran<br>ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**[1]

On September 18, 2024, Susan Kane, as Administrator of the Estate of Robert Kane,[2] ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that her late husband, Robert Kane ("Mr. Kane"), developed Guillain-Barré Syndrome ("GBS"), as defined in the Vaccine Injury Table, and subsequently died, as a result of his receipt of an influenza ("flu") vaccine on October 4, 2022.[3] Petition. On December 8, 2025, the Secretary of Health and Human Services ("respondent") filed his Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a GBS Table injury, and that Mr. Kane's death is

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

[2] Petitioner filed documentation on June 20, 2025, establishing that on July 26, 2024, she was appointed Administrator of the Estate of Robert Kane under the laws of the Commonwealth of Pennsylvania. *See* Exhibit 10. All references to petitioner herein refer solely to Susan Kane in her representative capacity as the Administrator of the Estate of Robert Kane.

[3] In the alternative, petitioner alleged that the flu vaccine caused in fact Mr. Kane's injury and death. Petition at 1.

vaccine-related.[4] ECF No. 30. On December 9, 2025, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 31. Respondent now proffers the following regarding the amount of compensation to be awarded.

## I. Compensation

Respondent proffers that petitioner should be awarded the following, and requests that the Chief Special Master's decision and the Court's judgment award:

a. A lump sum payment of **$76,278.87** for unreimbursable expenses,

b. A lump sum payment of **$250,000.00**, which represents compensation for the statutory benefit for a vaccine-related death, and

c. A lump sum payment of **$250,000.00**, which represents compensation for past pain and suffering,

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a)(1), (a)(2), and (a)(4). Petitioner agrees.

## II. Form of the Award/Recommended Payment

The parties recommend that the compensation provided to petitioner should be made through one lump sum payment as described below and request that the Chief Special Master's decision and the Court's judgment award the following:

> A lump sum payment of **$576,278.87** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Susan Kane, as Administrator of the Estate of Robert Kane.[5]

---

[4] Respondent does not concede that the flu vaccine caused in fact or significantly aggravated any other injury or condition.

[5] If for some reason petitioner is not authorized by a court of competent jurisdiction to serve as Administrator of the Estate of Robert Kane at the time a payment pursuant to this Proffer is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as Administrator of the Estate of Robert Kane upon submission of written documentation of such appointment to the Secretary.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

/s/ *Catherine E. Stolar*
CATHERINE E. STOLAR
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 353-3299
Email: catherine.stolar@usdoj.gov

DATED: July 28, 2026

CERTIFICATE OF SERVICE

I certify that today, July 28, 2026, a copy of the foregoing pleading was served by electronic mail on Christopher Williams at cwilliams@sirillp.com and scasey@sirillp.com.

s/ *Catherine E. Stolar*